UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELIZABETH OCASIO and DANNY OCASIO,

                            Plaintiffs,

                                                                       Case #17-CV-620-FPG

v.

                                                                         DECISION AND ORDER

AVAZZHON N. AZAMZHANOVICH, VELOCITY
TRANS. INC. and GENERAL LEASE, LLC,

                            Defendants.

        On July 6, 2017, Defendants Avazzhon N. Azamzhanovich, Velocity Trans. Inc., and General Lease, LLC, removed this case from the Supreme Court of the State of New York, County of Erie, pursuant to 28 U.S.C. § 1332(a). *See* ECF No. 1. The Notice of Removal included the Complaint filed by Plaintiffs Elizabeth and Danny Ocasio as an exhibit. *See* ECF No. 1-1 at 6-11. Defendants answered the Complaint on October 17, 2017. ECF No. 2. The Court then ordered Defendants to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. ECF No. 4. Before the Court is Defendants' response to the Court's Order to Show Cause. ECF No. 5.

        "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court. *DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007).

The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)). Thus, with respect to the amount in controversy requirement under § 1332, the removing party bears the burden of proving "to a reasonable probability" that the amount in controversy is over $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

When evaluating whether a defendant has established subject matter jurisdiction, the Court must first look to the pleadings and the petition for removal to determine if the plaintiff has made a sufficient demand for relief. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). If so, the Court must view plaintiff's demand as one taken in good faith unless it appears to a "legal certainty" that that claim is less than $75,000. *Kimm v. KCC Trading, Inc.*, 449 Fed. App'x 85, 85 (2d Cir. 2012) (citing *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Additionally, the Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (citing *Wolde–Meskel*, 166 F.3d at 63). "If neither the pleadings nor the petition for removal contain a demand for relief, the Court may look outside the pleadings to determine whether the amount in controversy exceeds $75,000. *Yong Qin Luo*, 625 F.3d at 775.

Here, Defendants have met their burden. Plaintiffs' Complaint does not contain a demand for relief pursuant to N.Y. C.P.L.R. 3017(c). *See* ECF No. 1-1. Defendants, however, noted in

their petition for removal that they made a supplemental demand for relief[1] and Plaintiffs responded, demanding over $75,000 in damages.[2]  ECF No. 1-2.

Additionally, the Court finds nothing in the Complaint to rebut the presumption that its allegations are a good faith representation of the amount in controversy.  In the Complaint, Plaintiff Elizabeth Ocasio alleges that Defendant Avazzhon N. Azamzhanovich negligently crashed his truck into her car, causing her serious, painful injuries that may result in permanent defects.  ECF No. 1-1, Ex. A at ¶¶ 11-13.  She alleges further that she was confined to the hospital and incurred great medical expense because of the accident.  *Id.*

Based on its review of the Complaint, the Court cannot conclude to a legal certainty that Plaintiffs' demand is less than $75,000.  Accordingly, Defendants have shown that the amount in controversy exceeds $75,000 and the Court finds that it has subject matter jurisdiction over this case.

IT IS SO ORDERED.

Dated: December 6, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] Also pursuant to N.Y. C.P.L.R. 3017(c).

[2] While Plaintiffs' email response to Defendants' request for a supplemental demand for relief appears informal, the Second Circuit has considered other informal responses, such as a verbal demand (*Yong Qin Luo*, 625 F.3d at 775-76) and a letter demand (*Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 36 (2d Cir. 2010)).  Consequently, the Court accepts Plaintiffs' email as a viable response to Defendants' request.