UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH OCASIO and DANNY OCASIO,

                                              Plaintiffs,

v.

AVAZZHON N. AZAMZHANOVICH, VELOCITY
TRANS INC. and GENERAL LEASE, LLC,

                                                Defendants.
_____

**REPORT and RECOMMENDATION**

17-CV-00620-FPG-JJM

        Plaintiffs commenced this action in State of New York Supreme Court, County of Erie on or about February 8, 2017, alleging that plaintiff Elizabeth Ocasio sustained injuries as a result of a motor vehicle collision in West Seneca, New York with a vehicle operated by defendant Azamzhanovich and owned by defendants Velocity Trans Inc. and/or General Lease, LLC. Complaint [1-1],[1] ¶¶9, 11. By Notice of Removal dated July 6, 2017 defendants removed the action to this court based on diversity of citizenship under 28 U.S.C. §1332, alleging that "pursuant to 49 U.S.C. §30106, no cause of action lies against General Lease, LLC in this action and, therefore, the citizenship of General Lease, LLC is disregarded for purposes of assessing diversity of citizenship". Notice of Removal [1], ¶6 (*citing* Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459 (2d Cir. 1998)).[2]

        By Order to Show Cause dated January 10, 2018, I directed defendants to show cause why General Lease's citizenship should be disregarded. [13], p. 3. Having reviewed

---

[1]     Bracketed references are to the CM/ECF docket entries.

[2]     Defendants do not contend that General Lease's citizenship, if counted, is diverse from that of plaintiffs. *See* Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012) ("a limited liability company . . . takes the citizenship of each of its members").

defendants' response [15, 16], for the following reasons I recommend that this action be remanded to State of New York Supreme Court, County of Erie for further proceedings.

**ANALYSIS**

Defendants note that "the Plaintiffs have never objected to, disputed, or otherwise challenged the Defendants' contention that General Lease, LLC is not a proper party to this action. Nor have the Plaintiffs sought remand or otherwise disputed the Court's jurisdiction over this matter, despite ample opportunity to do so". Defendants' Memorandum of Law [15], p. 2. However, "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant". Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Therefore, "the court should raise the question *sua sponte*". Kontrick v. Ryan, 540 U.S. 443, 455 (2004). *See also* 28 U.S.C. §1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, regardless of the parties' wishes, I must decide whether removal was proper.

"[T]he removal notice must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists." 14C Wright, Miller, *et al.*, Federal Practice & Procedure (Jurisdiction), §3733 (4th ed.). The only reason cited by the Notice of Removal for disregarding General Lease's citizenship was 49 U.S.C. §30106 (popularly referred to as the "Graves Amendment"). 49 U.S.C. §30106(a)(1) and (2) exempt the "owner of a motor vehicle that rents or leases the vehicle to a person" from liability "*by reason of being the owner* of the vehicle", provided that "there is no negligence . . .

on the part of the owner". However, plaintiffs do not allege that General Lease is liable "by reason of being the owner" of the vehicle in question - they allege instead that it is liable under the theory of *respondeat superior*, and/or for negligence in in failing to properly train, screen and supervise its drivers. Complaint [1-1], ¶¶10, 15, 19, 20.

In response to my Order to Show Cause, defendants raise an argument which was *not* set forth in their Notice of Removal, namely that General Lease did not employ, hire, train, screen, or supervise Mr. Azamzhanovich, and had no duty to do so. Defendants' Memorandum of Law [15], pp. 5-6. However, this new argument "cannot serve to amend Defendants' earlier notice of removal". Innovative Medical Products, Inc. v. Felmet, 472 F. Supp. 2d 678, 681 (M.D.N.C. 2006).

Defendants argue that "where, as here, a plaintiff names a non-diverse party as a defendant but 'there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant,' that defendant's citizenship is disregarded in assessing whether there is diversity of citizenship among the parties". Defendants' Memorandum of Law [15], p. 4, *quoting* Pampillonia, 138 F.3d at 461 (emphasis added). However, defendants must make that showing "by clear and convincing evidence" (Pampillonia, 138 F.3d at 461), and "this exacting standard is not easily met". Dexter v. AC & S Inc., 2003 WL 22725461, *1 (S.D.N.Y. 2003).

"[T]he right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed." Vera v. Saks & Co., 335 F.3d 109, 116, n. 2 (2d Cir. 2003). At that time, the pleadings consisted of plaintiffs' Complaint [1-1] and defendants' Answer [2].

-3-

Although the Graves Amendment is an affirmative defense,[3] the Answer did not allege that defense, nor did it allege that the Complaint failed to state a cause of action against General Lease. In response to my Order to Show Cause, defendants have now filed an Amended Answer alleging that the Complaint "fails to state a cause of action against one or more of the defendants", and that the claim against General Lease "is barred by 49 U.S.C. §30106". [14], Seventh and Eight Affirmative Defenses. However, since only the pleadings at the time of removal may be considered, these "later-filed amendments" must be disregarded. DNJ Logistic Group, Inc. v. DHL Express (USA), Inc., 727 F.Supp.2d 160, 165 (E.D.N.Y. 2010).[4]

Even if the Graves Amendment had been timely asserted as a defense, it does not apply to the theories of liability alleged in the Complaint. See Ramnarine v. SAI Rockville, LLC, 2015 WL 796629, *3 (D. Md. 2015) ("although the Graves Amendment bars recovery based on vicarious liability, it does not bar recovery based on theories of direct liability . . . . Because Ramnarine has alleged theories of direct liability against Lexus, there is, at the very least, a 'glimmer of hope' for relief"). While defendants have now submitted evidence in support of their argument that General Lease has no direct liability for the accident, "[t]he plaintiff need not show that he could survive . . . a motion for summary judgment". Crowe v. Coleman, 113 F.3d 1536, 1541 (11th Cir. 1997). See also Locicero v. Sanofi-Aventis U.S. Inc., 2009 WL 2016068, *2 (W.D.N.Y. 2009) (defendant "argues that, based on the deposition of Alden Pharmacy's representative, it is clear that Plaintiff cannot ultimately prevail on any of her claims . . . . [T]his

---

[3] See Jones v. Bill, 10 N.Y.3d 550, 553 (2008) ("[d]efendants raised the Graves Amendment as an affirmative defense in their answer").

[4] Moreover, the Amended Answer alleges only that the Complaint fails to state a cause of action against "one or more of the defendants", not that it fails to state a cause of action against General Lease.

Court declines to consider this additional evidence and what are, essentially, summary judgment arguments").

**CONCLUSION**

Since defendants have failed to show by clear and convincing evidence that there is no possibility that plaintiffs can state (rather than prove) a claim against General Lease, its non-diverse citizenship cannot be disregarded. Therefore, since complete diversity did not exist at the time of removal, I recommend that this action be remanded to State of New York Supreme Court, County of Erie for further proceedings.

Unless otherwise ordered by Judge Geraci, any objections to this Report and Recommendation must be filed with the clerk of this court by March 1, 2018. Any requests for extension of this deadline must be made to Judge Geraci. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either

certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: February 15, 2018

                                    <u>/s/ Jeremiah J. McCarthy</u>
                                    JEREMIAH J. MCCARTHY
                                    United States Magistrate Judge